*120 OPINION.
MaRqtjette:
The petitioner during 1920 paid $6,000 to E. L. and A. M. Burr for their stock of Victor Talking Machine Co. merchandise and their oral promise that they would discontinue buying and selling Victor merchandise from their place of business. The wholesale value of the merchandise bought by the petitioner was only $665.43. Practically no sales of talking machines or records were made by the petitioner dui’ing the balance of the year 1920; therefore petitioner claims the right to deduct as a loss the difference between the purchase price and the wholesale value of the goods bought from the Burrs, viz, $5,334.57.
The petitioner relies upon section 234 (a) (4) of the Revenue Act of 1918, which reads as follows :
Sec. 234. (a) That in computing the net income of a corporation subject to tbe tax imposed by section 230 there shall be allowed as deductions:
4s 4* 4< * # # 5f<
(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise.
The petitioner’s purchase from the Burrs covered not only the stock in trade and agency rights, but also the elimination of the Burrs as a competitor. The fact that the petitioner’s sales thereafter during 1920 were negligible in amount is not sufficient to establish a loss as of that year. The petitioner still had the principal consideration for which the purchase was made, namely, the agency for Victor machines and records and the elimination of the Burrs as a competitor. These were not confined to the year 1920. They were continuous and may have proved profitable in later years. It was not, therefore, a closed transaction which would establish loss to the petitioner. Appeal of Fred C. Champlin, 1 B. T. A. 1255.

Judgment will he entered for the respondent.